**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4012

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MACON LEONARD LEE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-04-256)

Submitted:  June 17, 2005          Decided:  July 18, 2005

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Macon Leonard Lee appeals his conviction for possession with intent to distribute 118.8 grams of cocaine base in violation of 21 U.S.C. § 841 (2000), and his sentence of life imprisonment under the enhanced penalty provision of § 841(b)(1)(A). Finding no error, we affirm.

Lee first challenges the district court's application of § 841(b)(1)(A)'s mandatory life sentence under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). He preserved this issue for appellate review. Lee argues the district court violated <u>Booker</u> by enhancing his sentence under § 841(b)(1)(A) based on his two prior felony drug convictions when those convictions were not charged in the indictment or found by the jury. We note that Lee does not deny the fact of his two prior felony drug trafficking offenses, and the record of the sentencing hearing reflects that Lee, by counsel, conceded that he had been convicted of the predicate offenses for § 841's mandatory life sentence.[*] Because Lee's life sentence was mandated by statute, the then mandatory sentencing guidelines did not have any effect on his sentence. Accordingly, we find there is no error under <u>Booker</u>. <u>See</u> <u>United States v.</u>

---

[*]In any event, even if Lee had challenged the fact of the prior convictions, the district court's finding of predicate convictions would fall squarely in the prior conviction exception still viable after <u>Booker</u>. <u>See, e.g.</u>, <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005); <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000); <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 488 (1998).

Robinson, 404 F.3d 850, 862 (4th Cir. 2005) ("Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence.").

Lee next argues that his life sentence is constitutionally disproportionate to his offense in violation of the Eighth Amendment's ban against cruel and unusual punishment. In considering this argument, we apply the three-part test of Solem v. Helm, 463 U.S. 277 (1983), which examines: "(1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions." United States v. Kratsas, 45 F.3d 63, 66 (4th Cir. 1995); see also Harmelin v. Michigan, 501 U.S. 957 (1991). We conclude that Lee's sentence is not constitutionally disproportionate. His offense was serious and involved a relatively large amount of cocaine base. Also, Lee is a repeat drug trafficking offender. Applying the second prong of Solem, this court has concluded that "it is clear that a life sentence for a major drug violation is not disproportionate in comparison with other sentences mandated by the Guidelines and other drug statutes." Kratsas, 45 F.3d at 68.

Lee also argues that the district court abused its discretion in admitting evidence under Federal Rule of Evidence 404(b) relating to two of Lee's arrests for drug possession and

sale.  Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of other bad acts solely to prove a defendant's bad character, but such evidence may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b); see also United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004).  The decision of the district court to admit such evidence is discretionary and will not be disturbed unless it is "arbitrary or irrational."  See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988).  We conclude the district court did not abuse its discretion in admitting the challenged evidence.

Finally, Lee argues that the evidence was insufficient to sustain his conviction.  This court must affirm Lee's jury conviction if there is substantial evidence, when viewed in the light most favorable to the Government, to support the jury's verdict.  Glasser v. United States, 315 U.S. 60, 80 (1942).  We conclude there was sufficient evidence to support the jury's verdict.

Accordingly, we affirm Lee's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED